UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GUADALUPE DIAZ, ET AL.,            )
                                    )
         Plaintiffs,                )
                                    )        CIVIL ACTION NO.
VS.                                 )
                                    )        3:05-CV-2084-G
OFFICER ROLANDO CARBALLO and       )
OFFICER DON ALEXANDER,             )        **ECF**
                                    )
         Defendants.                )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, Officer Rolando Carballo ("Carballo") and Officer Don Alexander ("Alexander"), to stay proceedings in this case until the resolution of state criminal proceedings against one of the named platintiffs, Guadalupe Diaz ("Diaz"). For the reasons discussed below, the defendants' motion to stay is denied.

I. BACKGROUND

Diaz's claims in this case arise under 42 U.S.C. § 1983 from events taking place October 26, 2003. The plaintiff alleges violations of his constitutional right to be free from excessive force and false arrest, though this court entered summary

judgment for the defendants on the false arrest claim on October 12, 2007. The excessive force claim remains. The defendants now seek to stay the case pending the outcome of parallel state criminal proceedings against the plaintiff, which have been awaiting disposition since Diaz was charged in October of 2003. *See* Declaration of Bruce Kaye ¶ 2, *located in* Plaintiffs' Response to Defendants' Motion to Stay Proceedings and Brief in Support ("Plaintiffs' Response"). Additionally, it should be noted that the parallel state criminal proceedings against Diaz have been subject to numerous delays as a result of changes in prosecution, as well as several reset trial dates. Plaintiffs' Response ¶ 6.

## II. ANALYSIS

The defendants argue that under the recent Supreme Court decision of *Wallace v. Kato*, __ U.S. __, 127 S.Ct. 1091 (2007), a stay in the civil proceedings pending before this court is appropriate pending the outcome of state criminal charges against Diaz. *See* Defendants' Motion to Stay Proceedings, and Brief in Support ("Motion to Stay") at 2-3. However, *Wallace*, which dealt specifically with a § 1983 claim for false arrest, is inapplicable to the case at hand. 127 S.Ct. at 1098. In *Wallace*, the Supreme Court was concerned with a situation where the outcome of a federal civil suit could potentially impugn the outcome of state criminal proceedings. *Id.* As the plaintiff points out, however, a verdict in favor of Diaz on a claim of excessive force

does not have the potential to impugn a later state criminal prosecution against Diaz for aggravated assault. *See* Plaintiffs' Response ¶ 2.

Though, as the *Wallace* court indicates, abstention *may* be an appropriate response to parallel state criminal proceedings, because of the nature of the claims involved in Diaz's suit, staying the instant proceedings is inappropriate. 127 S.Ct. at 1098.

### III. CONCLUSION

For the reasons discussed above, the defendants' motion to stay is **DENIED**.

**SO ORDERED**.

October 29, 2007.

_____
A. JOE FISH
CHIEF JUDGE